UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
         :
MARC GOLDSCHEIN, *individually and on behalf of all*   :
*others similarly situated*,          :
         :
        Plaintiff,   :
         :   25-CV-772 (JMF)
    -v-   :
         :   <u>ORDER</u>
AVANGRID, INC., et al.,   :
         :
       Defendants.   :
         :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On January 27, 2025, Plaintiff filed a class action lawsuit on behalf himself and all other similarly situated former public stockholders of Avangrid, Inc. ("Avangrid") who held shares as of the August 19, 2024 record date for voting on the acquisition of shares of Avangrid by Iberdrola, S.A. and who had their shares exchanged for consideration as part of that transaction. *See* ECF No. 3 ("Compl."), ¶¶ 2, 63. The Complaint alleges violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 and Rule 14a-9 promulgated thereunder. *Id.* ¶ 1.

       As explained in the Court's Order, issued earlier today, Section 78u-4(a)(3)(A) of the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A), requires that within twenty days of the filing of the complaint, Plaintiff shall "cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class . . . of the pendency of the action, the claims asserted therein, and the purported class period." 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA also provides that "not later than 60 days after the date on which the notice is published, any member

of the purported class may move the court to serve as lead plaintiff of the purported class." *Id.* In addition, the Act requires that not later than 90 days after the date on which notice is published, the Court shall consider any motion made by a purported class member in response to the notice, and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the Court determines to be most capable of adequately representing the interests of class members. *See id.* § 78u-4(a)(3)(B)(i).  In the event that more than one action on behalf of a class asserting substantially the same claim or claims has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the Court shall not appoint a lead plaintiff until after a decision on the motion to consolidate is rendered. *See id.* § 78u-4(a)(3)(B)(ii).

Plaintiff's counsel notified the Court that the required notice was published on **January 30, 2025**. ECF No. 14.  Members of the purported class therefore have until **March 31, 2025**, to move the Court to serve as lead plaintiffs.  Any opposition to a motion for appointment of lead plaintiff shall be filed by **April 10, 2025**.  No replies may be filed without prior leave of Court.

Finally, it is hereby ORDERED that, unless and until the Court orders otherwise, a conference shall be held on **April 23, 2025,** at **1:00 p.m.** in **Courtroom 1105** of the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York to consider any motions for appointment of lead plaintiff and lead counsel and for consolidation.  (The Court may, by Order, reschedule the conference or convert it to a telephonic conference, so movants and interested parties should monitor the docket.)

If an amended complaint or a related case is filed prior to appointment of a lead plaintiff, Plaintiff's counsel shall, **within one week**, submit a letter to the Court identifying any differences between the allegations in the new complaint(s) and the allegations in the original

complaint (including but not limited to any differences in the claims asserted and the relevant class periods) and showing cause why the Court should not order republication of notice under the PSLRA and set a new deadline for the filing of motions for appointment. *See, e.g.*, *Hachem v. Gen. Elec. Inc.*, No. 17-CV-8457 (JMF), 2018 WL 1779345 (S.D.N.Y. Apr. 11, 2018).

    SO ORDERED.

Dated: March 4, 2025
       New York, New York

                                  JESSE M. FURMAN
                              United States District Judge