UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC GOLDSCHEIN, Individually and On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>AVANGRID, INC., ROBERT DUFFY, JOHN BALDACCI, PEDRO AZAGRA BLÁZQUEZ, and IGNACIO S. GALÁN,<br><br>Defendants. | Case No. 25-cv-00772 |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
BY MARC GOLDSCHEIN AND DOMINICK ALBERINO
FOR APPOINTMENT AS LEAD PLAINTIFFS
<u>AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ...............................................1

ARGUMENT ........................................................................................................................2

    I.    THE G&A TEAM SHOULD BE APPOINTED LEAD PLAINTIFFS ..........................2

        A.    The PSLRA's Provisions Concerning the Appointment of Lead Plaintiffs ............2

        B.    The Published Notice Satisfies the PSLRA's Requirements and the G&A Team's Motion is Timely and Procedurally Complete .............................................3

        C.    The G&A Team Holds the Largest Known Financial Interest ................................4

        D.    The G&A Team Meets Rule 23's Typicality and Adequacy Requirements ...........5

        E.    The Court Should Approve the G&A Team's Selection of Monteverde as Lead Counsel .............................................................................................................7

CONCLUSION .....................................................................................................................8

# TABLE OF AUTHORITIES[1]

**CASES**                                                                                                      **PAGE(S)**

*Baron v. TalkSpace, Inc.*, Nos. 22 Civ. 163 (PGG)
   2022 WL 1912255, 2022 U.S. Dist. LEXIS 99732 (S.D.N.Y. June 3, 2022) .......................... 4

*Bensinger v. Denbury Res., Inc.*, No. 10-CV-1917,
   2012 WL 4483811, 2012 U.S. Dist. LEXIS 140801 (E.D.N.Y. Sept. 28, 2012) .................... 4

*Campbell v. Transgenomic, Inc.*,
   916 F.3d 1121 (8th Cir. 2019) ............................................................................................... 7

*Carr v. Analogic Corp.*,
   2018 WL 4932858, 2018 U.S. Dist. LEXIS 174894 (D. Mass. Oct. 10, 2018) ..................... 4

*In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI,
   2009 WL 2905962, 2009 U.S. Dist. LEXIS 81205 (N.D. Cal. Sept. 8, 2009) ....................... 6

*Ellenburg v. JA Solar Holdings Co.*,
   262 F.R.D. 262 (S.D.N.Y. 2009) ........................................................................................... 5

*Ferrari v. Impath, Inc.*,
   2004 U.S. Dist. LEXIS 13898 (S.D.N.Y. July 15, 2004) ...................................................... 3

*Jaar v. N. Genesis Acquisition Corp.*, No. 24-cv-02155 (JLR),
   2024 WL 3252909, 2024 U.S. Dist. LEXIS 116975 (S.D.N.Y. July 1, 2024) ....................... 4

*Murphy v. Inman*,
   509 Mich. 132 (2022) ............................................................................................................ 8

*Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-CWD,
   2011 WL 759553, 2011 U.S. Dist. LEXIS 18247 (D. Idaho Feb. 24, 2011) ......................... 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
   182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................. 2

*In re Pattern Energy Grp. Inc.*, No. 20-275 (MN) (JLH),
   2023 WL 2655537, 2023 U.S. Dist. LEXIS 51329 (D. Del. Mar. 27, 2023) ......................... 5

*Plumbers & Pipefitters Nat'l Pension Fund v. Alta Mesa Res., Inc.*, No. 19 Civ. 920 (LLS),
   2019 U.S. Dist. LEXIS 234325 (S.D.N.Y. Apr. 29, 2019) .................................................... 4

*Rasella v. Musk*,
   342 F.R.D. 74 (S.D.N.Y. 2022) ......................................................................................... 5, 7

---

[1] Parallel Westlaw citations included in table where available.

*Sczesny Tr. v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) ................................................................................... 2

*Varjabedian v. Emulex Corp.*,
    888 F.3d 399 (9th Cir. 2018) ........................................................................................ 7

## **STATUTES & RULES**

15 U.S.C. § 78u-4 ................................................................................................. *passim*
Fed. R. Civ. P. 23 ................................................................................................ 1, 2, 5, 6

**INTRODUCTION**

Plaintiff Marc Goldschein and movant Dominick Alberino (the "G&A Team") respectfully submit this Memorandum of Law in support of their motion to: (i) appoint the G&A Team as Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4 *et seq.*; (ii) approve their selection of Monteverde & Associates PC ("Monteverde") to serve as Lead Counsel; and (iii) grant such other and further relief as the Court may deem just and proper.

**RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

This action arises in connection with Defendants' solicitation of Avangrid, Inc.'s ("Avangrid" or the "Company") public stockholders to vote in favor of the transaction whereby Iberdrola, S.A. ("Iberdrola"), Avangrid's 81.6% owner and controlling stockholder, acquired the Avangrid shares it did not already own pursuant to a merger agreement dated May 17, 2024 for $35.75 in cash per share (as to the transaction, the "Merger").

On January 30, 2025, Plaintiff Goldschein published the required PSLRA notice, *see* Dkt. 14-1 (the "Notice"), thereby setting a deadline of March 31, 2025 to seek lead plaintiff appointment pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i).

The G&A Team respectfully requests that the Court appoint them as Lead Plaintiffs and Monteverde as Lead Counsel pursuant to the PSLRA. The G&A Team should be appointed as Lead Plaintiffs because: (1) they have timely filed for appointment; (2) they have the largest known financial interest in this litigation; and (3) they meet the applicable requirements under Fed. R. Civ. P. 23. *Infra* §§II.A-D. Moreover, they have retained experienced and competent counsel to represent the Class. As the "most adequate plaintiff" under the PSLRA, their selection of Monteverde as Lead Counsel should therefore be approved. *Infra* §II.E.

# ARGUMENT

## I. THE G&A TEAM SHOULD BE APPOINTED LEAD PLAINTIFFS

### A. The PSLRA's Provisions Concerning the Appointment of Lead Plaintiffs

The PSLRA governs the appointment of a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1), § 78u-4(a)(3)(B)(I). It provides that within 20 days of the filing of the action, the plaintiff is required to publish notice in a widely circulated business-oriented publication or wire service, informing class members of their right to move the Court, within sixty (60) days of the publication, for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i).

Under 15 U.S.C. § 78u-4(a)(3)(B)(i), the Court is then to consider any motion made by class members and is to appoint as lead plaintiff "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *Id*. Further, the PSLRA establishes a rebuttable presumption that the "most adequate plaintiff" is the "person or group of persons that:

    (aa)    has either filed the complaint or made a motion in response to a notice [published by a complainant];
    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). "[T]he plain language of the PSLRA expressly contemplates the appointment of more than one lead plaintiff[.]" *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 47 (S.D.N.Y. 1998); *see also Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 323 (S.D.N.Y. 2004) ("This Court has the discretion to appoint more than one lead plaintiff and can aggregate the losses suffered by that group of investors.").

Once it is determined who among the movants seeking appointment as lead plaintiff is the presumptive lead plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive lead plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

### B. The Published Notice Satisfies the PSLRA's Requirements and the G&A Team's Motion is Timely and Procedurally Complete

Pursuant to the PSLRA, the process of appointment of lead plaintiff begins with the notice requirement. 15 U.S.C. §§ 78u-4(a)(1), 78u-4(3)(B)(i). The notice requirement consists of two parts: (1) the first plaintiff to file must publish notice advising members of the putative plaintiff class of the pending action in a widely circulated national business-oriented publication or wire service; and (2) members of the putative class have sixty days from the date of publication to move the court to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A-B).

On January 30, 2025, Plaintiff Goldschein caused the PSLRA Notice to be published via PRNewswire.[2] *See* Dkt. 14-1. The Notice notified putative Class members of the pendency of the Action, the nature of the claims alleged, and the putative Class definition. *Id.* The Notice also advised any Class member wishing to move for lead plaintiff that they must move the Court no later than 60 days from the publication of the notice. *Id.* Thus, the Notice satisfied the PSLRA's requirements. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i).

Because the Notice was published on January 30, 2025, the deadline for application to be lead plaintiff is March 31, 2025. *See* Dkt. 14-1; 15 U.S.C. § 78u-4(a)(3)(A-B). The G&A Team

---

[2] Publication by a national press release company like PRNesswire.com is an adequate means for meeting the PSLRA's statutory requirement that notice be published in a widely circulated national business-oriented wire service. *See, e.g., Ferrari v. Impath, Inc.*, 2004 U.S. Dist. LEXIS 13898, at *14 n.7 (S.D.N.Y. July 15, 2004).

3

has therefore timely filed their motion prior to the expiration of the lead plaintiff deadline. Moreover, the G&A Team have signed certifications pertaining to this Motion. As reflected in those certifications, Mr. Goldschein certifies that he owned 550 shares and Mr. Alberino certifies that he owned 2,244 shares of Avangrid common stock prior to the consummation of the Merger, and both have also confirmed their willingness and ability to serve as Lead Plaintiffs. *See* Dkt. 3-1 (Goldschein certification) and Declaration of Juan E. Monteverde in Support of Motion ("Monteverde Dec.") at Ex. 1 (Alberino certification).[3] Thus, the G&A Team has satisfied the certification requirement set forth in 15 U.S.C. § 78u-4(a)(2)(A). The PSLRA's procedural requirements have therefore been satisfied.

### C. The G&A Team Holds the Largest Known Financial Interest

The PSLRA instructs the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the "person or group of persons" with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Although the PSLRA is silent as to the methodology to use in determining which movant has the largest financial interest in the relief sought, in Section 14(a) cases related to merger proxies, courts assess financial interest based upon the number of shares held as of the record date that are exchanged for the merger consideration. *Baron v. TalkSpace, Inc.*, Nos. 22 Civ. 163 (PGG), 2022 U.S. Dist. LEXIS 99732, at *12-13 (S.D.N.Y. June 3, 2022) (assessing financial interest for Section 14(a) claim based on number of shares held as of the record date for the merger); *Plumbers & Pipefitters Nat'l Pension Fund v. Alta Mesa Res., Inc.*, No. 19 Civ. 920 (LLS), 2019 U.S. Dist. LEXIS 234325, at *3-5 (S.D.N.Y. Apr. 29, 2019) (same); *Jaar v. N. Genesis Acquisition Corp.*, No. 24-cv-02155 (JLR),

---

[3] All exhibit citations herein are to the exhibits to the Monteverde Declaration.

2024 U.S. Dist. LEXIS 116975, at *5 (S.D.N.Y. July 1, 2024) (same); *Carr v. Analogic Corp.*, 2018 U.S. Dist. LEXIS 174894, at *8 (D. Mass. Oct. 10, 2018) (same); *see also Bensinger v. Denbury Res., Inc.*, No. 10-CV-1917, 2012 U.S. Dist. LEXIS 140801, at *13 (E.D.N.Y. Sept. 28, 2012) (only shareholders who were entitled to vote on a transaction have standing under § 14(a)); *In re Pattern Energy Grp. Inc.*, No. 20-275 (MN) (JLH), 2023 U.S. Dist. LEXIS 51329, at *7-11 (D. Del. Mar. 27, 2023) (shareholders must hold through merger closing to be part of a § 14(a) class).

Here, the G&A Team owned 2,794 shares of Avangrid common stock as of the August 19, 2024 record date to vote on the Merger, and had all such shares cashed out in the Merger. *See* Dkt. 3-1 (Goldschein certification) and Monteverde Dec., Ex. 1 (Alberino certification). Accordingly, the G&A Team presumptively have the largest financial interest in the relief sought.

### D. The G&A Team Meets Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Courts have consistently held that at this stage, the Rule 23 considerations are limited to the questions of typicality and adequacy. *E.g.*, *Ellenburg v. JA Solar Holdings Co.*, 262 F.R.D. 262, 267 (S.D.N.Y. 2009); *Rasella v. Musk*, 342 F.R.D. 74, 80 (S.D.N.Y. 2022). As detailed herein, the G&A Team easily satisfy the typicality and adequacy requirements of Rule 23(a). *See* Ex. 2.

Typicality is satisfied when the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all class members. *See Rasella*, 342 F.R.D. at 80. With respect to adequacy, "[a] lead plaintiff is adequate where it 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and

5

qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id*. (quoting *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 189 (S.D.N.Y. 2006)).

Here, the G&A Team easily satisfy the typicality and adequacy requirements of Rule 23. Defendants are alleged to have solicited the shareholders' vote in support of the Merger with the same materially false and/or misleading proxy statement that caused the same harm to the G&A Team and all those similarly situated. In addition, the G&A Team is not subject to any unique defenses and no evidence exists of any conflict between their interests and those of the other putative class members. Finally, the G&A Team has expressed an ability and willingness to prosecute this action by filing a complaint and/or requisite certification and retaining qualified counsel experienced in litigating actions of this nature.

Indeed, based upon representations in the G&A Team's certifications and joint declaration, their interests are perfectly aligned with – and by no means antagonistic to – the interests of the Class. *See In re Century Aluminum Co. Sec. Litig.*, No. C 09-1001 SI, 2009 U.S. Dist. LEXIS 81205, at *14-16 (N.D. Cal. Sept. 8, 2009) (movant's certification evidenced adequacy to serve as lead plaintiff); *Niederklein v. PCS Edventures!.com, Inc.*, No. 1:10-cv-00479-EJL-CWD, 2011 U.S. Dist. LEXIS 18247, at *33-35 (D. Idaho Feb. 24, 2011) (same). Plaintiff Goldschein has also demonstrated his ability and zeal to prosecute the action by filing suit, disseminating a PSLRA-compliant notice, submitting a certification with his complaint pursuant to 15 U.S.C. § 78u-4(a)(2), and seeking and receiving confidential discovery from Defendants pursuant to a books and records inspection demand under New York law.

Finally, the G&A Team has retained competent counsel with significant experience litigating actions of this nature. As explained below, Monteverde is well regarded for its experience, knowledge, and ability to conduct complex shareholder class action litigation. Thus,

6

the G&A Team have made a *prima facie* showing that they satisfy Rule 23's typicality and adequacy requirements, and they should be appointed Lead Plaintiffs.

### E. The Court Should Approve the G&A Team's Selection of Monteverde as Lead Counsel

The PSLRA vests lead plaintiffs with the authority to select and retain lead counsel, subject to court approval. 15 U.S.C. §78u-4(a)(3)(B)(v). "The PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" *Rasella*, 342 F.R.D. at 84.

Here, the G&A Team has retained Monteverde as Lead Counsel for the Class. As reflected in its firm résumé, Monteverde has vast experience in handling Section 14 and merger-related class actions, and has obtained significant victories and recoveries for shareholders in such cases across the country. Ex. 3. Indeed, since its founding nine years ago, Monteverde has recovered over $100 million for shareholders in class actions premised on unfair mergers and false or misleading merger-related SEC filings. *Id*.

Last month, Monteverde obtained preliminary approval of a $27.5 million cash recovery for Aimmune shareholders in connection with alleged false and misleading statements in the merger recommendation statement regarding Aimmune's sale to Nestlé in 2020. *Id*. Furthermore, in 2024 Monteverde obtained court approval of cash recoveries of $15.25 million in a Section 14(a) merger class action for Oclaro shareholders, $7.75 million in a Section 14(a) merger class action for GW Pharmaceuticals shareholders, and $9 million in a fiduciary duty merger class action for Covisint shareholders. *Id*. And Monteverde has been listed in the "Top 50 Plaintiff Law Firms" based on aggregate settlement amount achieved for shareholders in the 2018-2022 and 2024 ISS Securities Class Action Services Reports. *Id*. Further, the senior attorneys at the firm are recognized by Super Lawyers.

Monteverde has also improved the law for shareholders challenging unfair mergers in multiple successful appeals. *See Varjabedian v. Emulex Corp.*, 888 F.3d 399 (9th Cir. 2018) (creating a five to one circuit split that lowered the culpability standard under § 14(e)); *Campbell v. Transgenomic, Inc.*, 916 F.3d 1121 (8th Cir. 2019) (clarifying standard for assessing § 14(a) claims); *Murphy v. Inman*, 509 Mich. 132 (2022) (persuading Michigan Supreme Court to recognize a direct claim for breach of fiduciary duty in context of cash-out mergers).

Accordingly, Monteverde is well qualified to represent the Class, and the G&A Team therefore requests that the Court approve their selection of Lead Counsel.

## CONCLUSION

For the foregoing reasons, the G&A Team respectfully request that the Court: (1) appoint the G&A Team as Lead Plaintiffs pursuant to the PSLRA; (2) approve their selection of Monteverde as Lead Counsel for the Class and (3) grant such other and further relief as the Court may deem just and proper.

Dated: March 31, 2025

**MONTEVERDE & ASSOCIATES PC**

By: */s/ Juan E. Monteverde*
Juan E. Monteverde (JM-8169)
The Empire State Building
350 Fifth Avenue, Suite 4740
New York, NY 10118
Tel:(212) 971-1341
Fax:(212) 202-7880
jmonteverde@monteverdelaw.com

*Attorneys for the G&A Team*

8

## WORD COUNT CERTIFICATE

I certify that this memorandum of law contains 2,344 words and complies with the applicable word count limitation of Local Civil Rule 7.1.

*/s/ Juan E. Monteverde*